UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH PATTERSON, | CV F   05 363 AWI SMS P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION (Doc. 1.) |
| v. | |
| A.K. SCRIBNER, et. al., | |
| Defendants. | |

Kenneth Patterson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on March 18, 2005, naming Warden A.K. Scribner, Inmate Appeals Chief, Nola Grannis, and Inmate Appeals Coordinator, J. Buckley as Defendants.

1

## A. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## B. SUMMARY OF COMPLAINT

Plaintiff states that he has been submitting grievances to the Inmate Appeals Coordinator from August 2003 to the present, most of which have not been properly processed, responded to or acknowledged. Plaintiff states that he raised these issues in another grievance and while the grievance was granted, the actions have yet to be fulfilled. Plaintiff states that he is suing these

individuals in their individual and official capacities, demands a jury trial and has provided exhibits demonstrating that his appeals have not been properly processed. Plaintiff is seeking monetary damages and injunctive relief in the form of improvements in the appeals process.

**C. ANALYSIS OF CLAIM FOR RELIEF**

There is no constitutional right to an inmate appeals process. The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). The non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). A failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995).

Based on the foregoing, Plaintiff's allegations concerning the manner in which his inmate appeals are processed does not state a cognizable claim for relief under Section 1983.

**D. CONCLUSION AND RECOMMENDATION**

Accordingly, the Court finds that Plaintiff has failed to state a claim for relief under

Section 1983. Further, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 25, 2006**             **/s/ Sandra M. Snyder**
icido3                                UNITED STATES MAGISTRATE JUDGE