UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KENNETH PATTERSON,                    1:05-cv-00363-AWI-SMS-P

              Plaintiff,       **ORDER ADOPTING FINDINGS AND**
                               **RECOMMENDATIONS** (Doc. 8)

vs.                            **ORDER DISMISSING ENTIRE ACTION**

A.K. SCRIBNER, et al.,

              Defendants.
_____/

     Kenneth Patterson ("Plaintiff") is a state prisoner
proceeding pro se and in forma pauperis in this civil rights
action pursuant to 42 U.S.C. § 1983.  The matter was referred to
a United States Magistrate Judge pursuant to 28 U.S.C.
§ 636(b)(1)(B) and Local Rule 72-302.

     On May 25, 2006, the Magistrate Judge filed Findings and
Recommendations that recommended this action be dismissed for
Plaintiff's failure to state a claim.  The Findings and
Recommendations were served on Plaintiff and contained notice to
the parties that any objections to the Findings and
Recommendations were to be filed within thirty (30) days.  On
June 26, 2006, Plaintiff filed a motion to extend time. In the

1

1  meantime, Plaintiff filed objections to the Magistrate Judge's

2  Findings and Recommendations on July 19, 2006.  On July 26, 2006,

3  the Court granted Plaintiff's motion to extend time nunc pro tunc

4  to June 27, 2006, the day after plaintiff filed objections.

5       In accordance with the provisions of 28 U.S.C.

6  § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a

7  de novo review of this case.  Having carefully reviewed the

8  entire file, the Court finds the Findings and Recommendations to

9  be supported by the record and by proper analysis.   The

10 objections do not present a basis to not adopt the Findings and

11 Recommendations.

12      In the objections, Plaintiff confirms that this action

13 raises issues concerning Defendants' failure to correctly follow

14 California's prison grievance procedures and respond to

15 Plaintiff's grievances.  As explained by the Magistrate Judge,

16 prisoners have no constitutional right to an inmate grievance

17 system. Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001);

18 Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993)  see also

19 Olim v. Wakinekona, 461 U.S. 238, 249 (1983).  Although the

20 California Department of Corrections has an administrative

21 grievance procedure for prisoner complaints, see Cal. Code Regs.,

22 tit. 15 § 3084.1 (2003), this "grievance procedure is a

23 procedural right only, it does not confer any substantive right

24 upon the inmates."  Buckley, 997 F.2d at 495 (citing Azeez v.

25 DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Mann

26 v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not

27 give rise to a protected liberty interest requiring the

28 procedural protections envisioned by the Fourteenth Amendment."

<u>Azeez v. DeRobertis</u>, 568 F. Supp. at 10.  In addition,
Defendants' alleged failure to follow prison rules when
processing Plaintiff's appeals did not impose an "atypical and
significant hardship ... in relation to the ordinary incidents of
prison life," and thus did not implicate due process
considerations.  <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995).  Thus,
Defendants alleged failures under California law when addressing
Plaintiff's administrative grievances cannot serve as the basis
of a civil rights cause of action.

Accordingly, IT IS HEREBY ORDERED that:

1.   The Findings and Recommendations, filed May 25, 2006,
are ADOPTED IN FULL; and,

2.   This action is DISMISSED in its entirety.


IT IS SO ORDERED.

**Dated:    December 12, 2006              /s/ Anthony W. Ishii**
0m8i78                          UNITED STATES DISTRICT JUDGE