# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH PATTERSON, | 1: 05-CV-0363 AWI SMS PC |
| Plaintiff, | |
| | ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION TO FILE A LATE NOTICE OF APPEAL |
| v. | |
| A.K. SCRIBNER, et al., | |
| | (Documents #14 & #19) |
| Defendants. | |

## BACKGROUND

On December 12, 2006, the court dismissed this action. The Clerk of the Court entered judgment the same day. On June 1, 2007, Plaintiff filed a notice of appeal and declaration concerning why the notice of appeal was filed late. On July 27, 2007, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction because it had not been timely filed. On August 13, 2007, Plaintiff filed a motion for reconsideration and/or request to correct an error. Plaintiff states that neither this court nor the Ninth Circuit considered his declaration concerning the late appeal.

## DISCUSSION

A review of the filings in this action indicates that as part of Plaintiff's June 1, 2007 notice of appeal, Plaintiff filed a declaration. The declaration explains that Plaintiff was unable to file a notice of appeal prior to June 1, 2007 because of mental health problems. Specifically, Plaintiff was admitted into the prison hospital for a week and deemed to require involuntary

1 medication.

2   It is not entirely clear what order Plaintiff wishes this court to reconsider by his August
3 13, 2007 motion.   It is possible Plaintiff believes that this court should have reviewed his June
4 1, 2007 declaration when it was filed and, at that time, granted him additional time in which to
5 appeal.   It is also possible that Plaintiff desires this court to reconsider the Ninth Circuit's order
6 dismissing Plaintiff's appeal as untimely.   While this court has no authority to reconsider a
7 ruling by the Ninth Circuit, the basis of Plaintiff's motion is a request that this court somehow
8 make it possible for Plaintiff to file a late appeal because it was not Plaintiff's fault he did not
9 timely appeal.   Thus, the court will address this request.

10   Pursuant to 28 U.S.C. § 2107(a), parties must file notices of appeal within 30 days of the
11 entry of the judgment being appealed.  Bowles v. Russell, - U.S. -,127 S.Ct. 2360, 2363 (2007).
12 "District courts have limited authority to grant an extension of the 30-day time period."  Id.
13 Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides the court's authority to extend
14 the time in which a party may file a notice of appeal.   Rule 4(a)(5) provides:

> (A) The district court may extend the time to file a notice of appeal if:
>  (I) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>  (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

Fed.R.App.Pro. 4(a)(5).   Rule 4(a)(5) does not provide a basis for the court to allow a late appeal
in this case.   Plaintiff has not shown that he filed his appeal, or motion for additional time within
which to appeal, within the statutory 30-day filing period.   Rather, Plaintiff first filed his notice
of appeal and a possible request for additional time in which to appeal over six months after the
Clerk of the Court entered judgment.   Accordingly, the court has no power to provide Plaintiff

2

with additional time in which to appeal pursuant to Rule 4(a)(5).

There is one other rule that allows for late appeals. If certain conditions are met, the court has the statutory authority to grant motions to reopen the time for filing an appeal for 14 days. 28 U.S.C. § 2107(c). Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides the court's authority to reopen and extend the time for filing a notice of appeal after the lapse of the usual 30 days. Rule 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed.R.App.Pro. 4(a)(6). Rule 4(a)(6) provides no assistance to Plaintiff. Plaintiff's claim is that he was medically unable to timely file a notice of appeal. Plaintiff does not claim that he did not receive notice of the court's entry of judgment. The purpose of Rule 4(a)(6) is only to soften the harsh penalty of losing one's right to an appeal because of the court's failure to notify a party of a judgment, not to allow parties' to file late appeals. Arai v. American Bryce Ranches, Inc., 316 F.3d 1066, 1070 (9th Cir. 2003). Thus, the court has no power to reopen the time in which to appeal pursuant to Rule 4(a)(6).

Plaintiff also appears to request the court allow him to file a late appeal do to his mental illness; An extraordinary circumstance outside of his control. While the court is not unsympathetic to Plaintiff's argument, this court has no ability to allow a late appeal based on this equitable argument. Filing an appeal within the prescribed time is mandatory and jurisdictional. Bowles, 127 S.Ct. at 2363; Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam). Because the timely filing of a notice of appeal in a civil case is a jurisdictional requirement, there is no equitable exception to this jurisdictional requirement. Id.

3

at 2366; <u>Magtanong v. Gonzales</u>, 494 F.3d 1190, 1191-92 (9th Cir. 2007).   Thus, this court has no ability to allow Plaintiff to file an appeal at this late date.

**ORDER**

Accordingly, Plaintiff's motion for reconsideration and motion to file a late appeal are DENIED.

IT IS SO ORDERED.

**Dated:   December 20, 2007**                          /s/ **Anthony W. Ishii**
                                                                            UNITED STATES DISTRICT JUDGE